## STATE *v.* WILLIAM ALLEN.

An indictment, charging that A, "one cow of the value of ten dollars of the goods," &c., "then and there being found, maliciously did pursue, with the intent, unlawfully and wickedly to wound and kill, and did kill her," only charges an injury to personal property, and cannot be maintained.

INDICTMENT, for pursuing and killing live stock, tried before *Buxton, J.,* at the Fall Term, 1874, of ANSON Superior Court.

In the bill, upon which the defendant was tried, it was charged that he, " one cow of the value of ten dollars, of the goods and chattels of one Thomas Cassel, then and there being found, maliciously did pursue, with the intent, unlawfully and wickedly to wound and kill said cow, and did kill her, contrary," &c.

The jury returned a verdict of "guilty"; whereupon the defendant moved to arrest the judgment, upon the ground that the indictment was fatally defective.

His Honor upon consideration, being of opinion that the indictment was insufficient, allowed the motion and arrested the judgment. From this judgment, the State appealed.

*Attorney General Hargrove,* with whom was *Pemberton,* for the State.

No counsel in this Court, for defendant.

PEARSON, C. J. The indictment charges, " the defendant did maliciously pursue a cow, the property of one Thomas Cassel, with the intent, unlawfully and wickedly to kill said cow, and did kill her."

There are no sufficient averments, to make this act amount to malicious mischief, or to bring it within the operation of any statute. So it is merely an injury to personal property, to be redressed by a civil action for damages. The judgment of the Court below is affirmed. It may be that the effect of the

homestead and personal property exemption, will make it necessary to enlarge the list of misdemeanors, in order to give protection to the rights of persons and the rights of things, which have heretofore been sufficiently guarded by civil action for damages. This is matter for the consideration of the legislative branch of the government: it is ours to declare the laws, not to make them.

PER CURIAM.                    Judgment affirmed.